# CHARLESTON.

## Cox v. Orndorf.

Submitted June 8, 1910.　Decided January 23, 1912.

Justice of the Peace—*Appeal—Setting Aside Verdict.*

On the trial of an appeal in proceedings originating before a justice to try a claim to property levied on, the circuit court does not err in setting aside a verdict which is manifestly contrary to the very right of the controversy.

Error to Circuit Court, Randolph Court. .

Action by W. J. Cox against W. R. Orndorf. From the order setting aside the verdict and awarding a new trial, the defendant obtained a writ of error.

*Affirmed.*

*Taylor & Allen* and *W. B. Maxwell,* for plaintiff in error.

*W. E. Baker* and *S. T. Spears,* for defendant in error.

Robinson, Judge:

This case involves a trial of the right to property under levy in attachment proceedings. The issue was decided against the claimant by the justice before whom the petition claiming the property as not liable to the levy was originally filed. By appeal, the claimant transferred the case to the circuit court. There a trial before a jury resulted in a verdict against the claimant. On his motion, the verdict was set aside and a new trial was granted. From the order setting aside the verdict and awarding a new trial, the defendant in the issue—the attaching creditor—has obtained a writ of error. He insists that the verdict is in accord with law and the evidence and that he should have judgment accordingly.

The issue was tried on the theory advanced by the claimant that he had a conditional interest in the property at the time the levy was made. On this theory alone, there is evidence to support the vedict which denies the property to the claimant. But the evidence unquestionably shows that the debtors in the attachment proceedings had no interest in the property at any time. If the claimant had no interest in the property at the

time of the levy, as indeed the jury found, it is clear that the property belonged to a third party, named in the evidence. Now, the evidence without contradiction shows that the claimant, very soon after the levy, acquired the title of this third party to the property in question. Even if the claimant had no title when the levy was made, he could rely on the title which he afterwards obtained from the real owner other than the attachment debtors, to secure a release of the property from the levy. It might be necessary for the claimant to amend his petition and proceedings seeking a release of the property from the levy, but such amendment of proceedings begun before a justice will be permitted with great liberality where the same is essential to the establishment of the very right of the case. Since the evidence without contradiction shows that in any event the claimant actually purchased and paid for the property, dealing with the true owner who was in no wise subject to the levy, the verdict was contrary to the right of the controversy, and the court properly set it aside and awarded a new trial. Let the order be affirmed.

*Affirmed.*